# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

REALTIME DATA, LLC (doing business as IXO)

*Plaintiff-Appellant*,

*v.*

MORGAN STANLEY, THE GOLDMAN SACHS GROUP, INC.,
J.P. MORGAN CHASE & CO., MORGAN STANLEY & CO., INC.,
GOLDMAN SACHS & CO., GOLDMAN SACHS EXECUTION &
CLEARING, LP, J.P. MORGAN SECURITIES, INC.,
and J.P. MORGAN CLEARING CORP.
(formerly known as Bear, Stearns Securities Corp.),

*Defendants-Appellees*,

and

BANK OF AMERICA CORPORATION,
BANC OF AMERICA SECURITIES, LLC, MERRILL LYNCH & CO., INC.,
and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,

and

CREDIT SUISSE HOLDINGS (USA), INC. and
CREDIT SUISSE SECURITIES (USA) LLC,

*Defendants-Appellees*,

and

HSBC BANK USA, N.A. and
HSBC SECURITIES (USA), INC.,

*Defendants-Appellees*,

and

BNY CONVERGEX GROUP, LLC and
BNY CONVERGEX EXECUTION SOLUTIONS, LLC,

*Defendants-Appellees*.

1

---

Appeal from the United States District Court for the Southern District of New York in case no. 11-CV-6696, Judge Katherine B. Forrest

---

## OPPOSITION TO MOTION FOR CONSOLIDATION BY DEFENDANTS-APPELLEES CREDIT SUISSE HOLDINGS (USA), INC. AND CREDIT SUISSE SECURITIES (USA) LLC

---

WILLIAM F. LEE
MARK G. MATUSCHAK
KEVIN S. PRUSSIA
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

GREGORY H. LANTIER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

December 20, 2012

*Counsel for Defendants-Appellees Credit Suisse Holdings (USA), Inc. and Credit Suisse Securities (USA) LLC*

Defendants-Appellees Credit Suisse Holdings (USA), Inc. and Credit Suisse Securities (USA) LLC (collectively, "Credit Suisse") respectfully oppose the Motion for Consolidation ("Motion") filed by Plaintiff-Appellant Realtime Data, LLC (doing business as IXO) ("Realtime"). In light of the specific circumstances of these appeals, consolidation would not increase efficiency and would be prejudicial to Credit Suisse, because it may deprive Credit Suisse of a meaningful opportunity to address the issues at oral argument. Thus, Credit Suisse respectfully requests that Realtime's Motion be denied so that separate oral arguments are held with respect to each of the three currently unconsolidated cases on appeal.[1]

In assessing whether consolidation is appropriate, a court "should consider both equity and judicial economy." *Chem One, Ltd. v. M/V Rickmers Genoa*, 660

---

[1]     Contrary to Realtime's Motion, denying consolidation would result in three, not nine, individual appeals. As explained below, the district court previously consolidated the nine actions Realtime filed into three separate actions. *See* Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. CME Group Inc., et al.*, No. 6:10-cv-000246 (E.D. Tex. June 2, 2010), Dkt. No. 14; Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. Morgan Stanley, et al.*, No. 6:10-cv-000248 (E.D. Tex. June 2, 2010), Dkt. No. 34; Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. Thomson Reuters Corp., et al.*, No. 6:10-cv-000247 (E.D. Tex. June 2, 2010), Dkt. No. 14; Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. CME Group Inc., et al.*, No. 6:10-cv-00424 (E.D. Tex. Nov. 4, 2010), Dkt. No. 65; Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. Morgan Stanley, et al.*, No. 6:10-cv-00426 (E.D. Tex. Nov. 4, 2010), Dkt. No. 40; Order Granting Motion to Consolidate Cases, *Realtime Data, LLC v. Thomson Reuters Corp., et al.*, No. 6:10-cv-00425 (E.D. Tex. Nov. 4, 2010), Dkt. No. 40. Credit Suisse is not requesting that this Court make any modification to the consolidation decisions of the district court.

1

F.3d 626, 642 (2d Cir. 2011).  Although considerations of judicial economy often favor consolidation, combining cases "is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *see Cheyenne-Arapaho Tribes v. United States*, 671 F.2d 1305, 1312 (Ct. Cl. 1982) (denying consolidation on the grounds that it could "unduly prejudice" one of the parties).

These appeals arise out of nine patent infringement actions Realtime filed against a total of 18 defendant groups (three of which are no longer in the case).[2] In those actions, Realtime asserted a set of patents directed to allegedly inventive procedures for compressing data.  Realtime targeted three categories of defendants to sue: (1) stock exchanges and other trading platforms (the "Exchange Defendants"[3]); (2) financial institutions (the "Bank Defendants"[4]); and (3) companies that compile market data (the "Data Provider Defendants[5]").  The district court consolidated those cases such that there was a single consolidated

---

[2]     As used in this submission, "defendant group" is a set of defendants under common control or ownership.  For example, the two Credit Suisse entities Realtime sued are counted as a single "defendant group."

[3]     6:09-cv-00327 (E.D. Tex.); 6:10-cv-00246 (E.D. Tex.); 6:10-cv-00424 (E.D. Tex.).

[4]     6:09-cv-00326 (E.D. Tex.); 6:10-cv-00248 (E.D. Tex.); 6:10-cv-00426 (E.D. Tex.).

[5]     6:09-cv-00333 (E.D. Tex.); 6:10-cv-00247 (E.D. Tex.); 6:10-cv-00425 (E.D. Tex.).

action pending against each category of defendant. In other words, in the district court, there was one consolidated action against the Exchange Defendants, one consolidated action against the Bank Defendants, and one consolidated action against the Data Provider Defendants. While those three actions proceeded on a shared track for pre-trial purposes, they were never consolidated with one another.

On September 24, 2012, the district court granted summary judgment of no infringement on the remaining 21 patent claims and 3 patents at issue on numerous different bases. At the time of that ruling, only 4 claims of a single patent remained asserted against Credit Suisse and nearly all of the other Bank Defendants, while all 21 patent claims were asserted against most of the Exchange Defendants. Therefore, several of the bases for summary judgment set forth in the September 24, 2012 memorandum opinion are not part of Realtime's appeal with respect to Credit Suisse, but are central to the appeals concerning the Exchange Defendants.

Realtime now seeks to consolidate the three actions into one for appeal. Credit Suisse opposes for two reasons. ***First***, consolidation would not result in any significant efficiency benefits. Consolidation is intended to "eliminate unnecessary repetition and confusion." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). But because of the large number of issues and accused software products across the 15 remaining defendant groups, consolidation

3

would create, rather than eliminate, confusion and would not result in efficiency gains.

While there are some commonalities among some of Realtime's allegations of infringement against all defendants, there are significant differences. Credit Suisse, for example, was only accused for infringing a small subset of the patent claims that will be at issue on appeal, because, unlike many other defendants (including all of the Exchange Defendants), Credit Suisse does not compress financial data in an allegedly infringing manner. Therefore, many of the bases on which summary judgment was granted with respect to defendants that do compress data are not directly at issue in the few claims asserted against Credit Suisse.

Likewise, even where Realtime asserted the same patent claims against Credit Suisse and the other Bank Defendants as it asserted against the Exchange Defendants, there were potentially meaningful differences in the evidence with respect to the different defendants. Indeed, Credit Suisse retained its own non-infringement expert and filed Credit Suisse-specific summary judgment motions for this reason.[6] In granting one such motion, the district court noted that "Credit Suisse's description of the process is somewhat different" from that described by

---

[6] Credit Suisse also joined three summary judgment motions of non-infringement filed by other defendants because Realtime's infringement theory against those defendants with respect to the limitations at issue was the same as it made against Credit Suisse. *See Realtime v. Morgan Stanley, et al*, No. 11-cv-6696 (July 18, 2012, Dkt. No. 525).

4

other defendants. *See* Amended Mem. & Op., *Realtime v. Morgan Stanley, et al.*, No. 11-cv-6696 (Nov. 15, 2012), Dkt. No. 586, at 46. Accordingly, even though Credit Suisse's motion was based on the "same major points" as the other defendants, the district court found that Credit Suisse's motion was "clear(er)." *Id.* While any appeal will necessarily require the Court to evaluate the evidence with respect to multiple defendants' accused software (because the underlying causes of action were each filed against multiple defendants), consolidating all of the underlying cases into a single appeal will make any individualized consideration of each defendant's accused software exceedingly difficult and will not result in increased efficiency.

*Second*, consolidation of these appeals would prejudice Credit Suisse. Consolidation is inappropriate when it would cause "unfair prejudice to a party." *HBE Corp.*, 135 F.3d at 551. A consolidated appeal will result in a single oral argument for all 15 defendant groups. This will likely have the effect of depriving Credit Suisse of a meaningful opportunity to respond to questions that the Court may have regarding the theories and evidence asserted against Credit Suisse or to address new arguments Realtime raises against Credit Suisse in its reply brief. This is not simply an issue of Credit Suisse's positions being represented by counsel for another defendant at oral argument. Many of the issues that are of greatest importance to the Exchange Defendants, for example, do not directly

impact Credit Suisse.  Likewise, the issues that are of greatest importance to Credit Suisse and the remaining Bank Defendants (all except one of which are not accused of encoding data in an infringing manner), are of less importance to the Exchange Defendants.  With so many different counsel representing appellees— and the damages claims against the Exchange Defendants dwarfing the claim against Credit Suisse—it is highly unlikely that Credit Suisse or any other Bank Defendant would receive adequate oral argument time in a consolidated appeal to discuss the issues central to the banks.

*    *    *

For the foregoing reasons, Credit Suisse respectfully opposes Realtime's Motion and requests that the Court not further consolidate these actions for purposes of appeal, so that (1) the Exchange Defendants, (2) the Bank Defendants, and (3) the Data Provider Defendants each (as a group) receive a separate oral argument[7] on Realtime's appeal.  The result should be that the three Exchange Defendant actions (Nos. 2013-1093, 2013-1097, 2013-1100) will proceed together as a single appeal, as will the three Bank Defendant actions (Nos. 2013-1092,

---

[7]    Credit Suisse does not oppose the submission of a single brief by Realtime addressing the issues in all three appeals.  Of course, Credit Suisse's opposition brief will only address the issues relevant to Credit Suisse's summary judgment determination.

2013-1099, and 2013-1103) and the three Data Provider Defendant actions (Nos.

2013-1095, 2013-1098, 2013-1101).

Respectfully submitted,

*/s/ Gregory H. Lantier*
WILLIAM F. LEE
MARK G. MATUSCHAK
KEVIN S. PRUSSIA
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000


GREGORY H. LANTIER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000

*Counsel for Defendants-Appellees*
*Credit Suisse Holdings (USA), Inc. and*
*Credit Suisse Securities (USA) LLC*

December 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document for Defendants-Appellees

Credit Suisse Holdings (USA), Inc. and Credit Suisse Securities (USA) LLC with the

Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF

system and served a copy on counsel of record, this 20th day of December, 2012, by

the CM/ECF system and by electronic mail to the parties on service list below who

have consented to service under Fed. R. App. P. 27(c)(1)(D), and by US mail by those

parties that have not so consented to electronic service.


**Realtime Data, LLC**:

DIRK D. THOMAS
MCKOOL SMITH P.C.
1999 K Street, NW, Suite 600
Washington, DC  20006
(202) 370-8300

BRETT E. COOPER
ROBERT A. COTE
LAUREN LEE FORNAROTTO
LAURA A. HANDLEY
DANIEL J. MELMAN
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, NY  10036
(212) 402-9400
Email:realtime_appeal@mckoolsmith.com


**Morgan Stanley, The Goldman Sachs
Group, Inc, J.P. Morgan Chase & Co.,
Morgan Stanley & Co., Inc., Goldman**

**Sachs & Co., Goldman Sachs Execution & Clearing, LP, J.P. Morgan Securities, Inc., and J. P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities, Corp.):**

DANIEL ALEXANDER DEVITO
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP (DC)
Four Times Square
New York, NY  10036
(212) 735-3210
Fax: (917) 777-3210
Email: daniel.devito@skadden.com


**HSBC Bank USA, N.A. and HSBC Securities (USA) Inc.:**

MICHAEL SCOTT FULLER
LOCKE LORD BISSELL & LIDDELL LLP -
DALLAS
2200 Ross Ave.
Suite 2200
Dallas, TX  75201-6776
(214) 740-8601
Fax: (214) 756-8601
Email: sfuller@lockelord.com


Dated:  December 20, 2012          */s/ Gregory H. Lantier*
                                   Gregory H. Lantier
                                   Attorney for Defendants-Appellees Credit
                                   Suisse Holdings (USA), Inc. and Credit
                                   Suisse Securities (USA) LLC