2013-1099

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT
_____

REALTIME DATA, LLC (doing business as IXO),

*Plaintiff-Appellant*,

v.

MORGAN STANLEY, THE GOLDMAN SACHS GROUP, INC.,
J.P. MORGAN CHASE & CO., MORGAN STANLEY & CO., INC.,
GOLDMAN SACHS & CO., GOLDMAN SACHS EXECUTION &
CLEARING, LP, J.P. MORGAN SECURITIES, INC.,
and J.P. MORGAN CLEARING CORP.
(formerly known as Bear, Stearns Securities Corp.),

*Defendants-Appellees*,

and

BANK OF AMERICA CORPORATION,
BANC OF AMERICA SECURITIES, LLC, MERRILL LYNCH & CO., INC.,
and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,

*Defendants-Appellees*,

and

CREDIT SUISSE HOLDINGS (USA), INC. and
CREDIT SUISSE SECURITIES (USA), LLC,

*Defendants-Appellees*,

and

HSBC BANK USA, N.A. and
HSBC SECURITIES (USA), INC.,

*Defendants-Appellees*,

and

BNY CONVERGEX GROUP, LLC and
BNY CONVERGEX EXECUTION SOLUTIONS, LLC,

                                                *Defendants-Appellees*.

_____

**Appeal from the United States District Court for the Southern District of New York in case no. 11-CV-6701, Judge Katherine B. Forrest.**
_____

**REPLY IN SUPPORT OF PLAINTIFF-APPELLANT REALTIME DATA, LLC's (doing business as IXO) MOTION FOR CONSOLIDATION**
_____

                                       Dirk D. Thomas
                                       MCKOOL SMITH P.C.
                                       1700 K Street, NW, Suite 740
                                       Washington, DC 20006
                                       (202) 370-8302

                                       Robert A. Cote
                                       Brett E. Cooper
                                       Daniel J. Melman
                                       Laura A. Handley
                                       Lauren L. Fornarotto
                                       MCKOOL SMITH P.C.
                                       One Bryant Park, 47th Floor
                                       New York, New York 10036
                                       (212) 402-9400

                                       Joel L. Thollander
                                       MCKOOL SMITH P.C.
                                       300 W. 6th Street, Suite 1700
                                       Austin, TX 78701
                                       (512) 692-8735

                                       *Attorneys for Plaintiff-Appellant*
                                       *Realtime Data, LLC (doing business as IXO)*

December 27, 2012

Plaintiff-Appellant Realtime Data, LLC (doing business as IXO) ("Realtime") respectfully submits this Reply in Support of its Motion for Consolidation. This Reply responds to the opposition ("Opposition") filed by Defendants-Appellees Credit Suisse Holdings (USA), Inc. and Credit Suisse Securities (USA) LLC (collectively, "Credit Suisse").

Despite its suggestions to the contrary, Credit Suisse is not in a unique position regarding these appeals. Of the 15 defendant groups in the nine appeals Realtime seeks to consolidate, Credit Suisse is the only party to oppose, claiming that consolidation "would not increase efficiency and would be prejudicial to Credit Suisse."[1] (Opp. at 1.) However, as is evident from the fact that no other defendant group — including defendants in the same position as Credit Suisse with respect to the major issues to be resolved on appeal — opposes consolidation, and for the reasons explained below, judicial economy favors consolidating the nine appeals.

First, Credit Suisse is in the same position as all other defendant groups with respect to claim construction, which are a large part of the issues on appeal. The 15 defendant groups, including Credit Suisse, submitted a single Opening *Markman* brief and a single Responsive *Markman* brief advocating for the same

---

[1] As used herein, the terms "defendant group," "Exchange Defendants," "Bank Defendants" and "Data Provider Defendants" have the same meaning as set forth in Credit Suisse's Opposition.

1

constructions of all disputed claim terms, and the district court issued a single *Markman* Order in all nine actions. *See Realtime Data, LLC v. Morgan Stanley*, No. 11-cv-6696, 2012 U.S. Dist. LEXIS 69242 (S.D.N.Y. May 10, 2012). In addition, the Bank Defendants filed a single motion for summary judgment of invalidity for indefiniteness and lack of written description, which was joined by the Exchange Defendants and the Data Provider Defendants, and which was granted in a single Order entered in all nine actions. *See Realtime Data, LLC v. Morgan Stanley*, No. 11-cv-6696, 2012 U.S. Dist. LEXIS 89561 (S.D.N.Y. June 27, 2012). Although Credit Suisse now claims that there are "potentially meaningful differences in the evidence with respect to the different defendants" (Opp. at 4), Credit Suisse never asked for a separate construction of any disputed claim term based on differences in the way that its accused products work, or submitted any separate briefing on claim construction issues. Indeed, even though the nine actions were not consolidated for all purposes at the district court level, they were treated together for all pre-trial purposes relevant to this appeal, including *Markman* and summary judgment proceedings

    Next, it is unsurprising that Credit Suisse's positions regarding claim construction are identical to all other defendant groups because it is not in a position meaningfully different from the other defendants with respect to infringement. The four data decoding/decompression claims asserted against

Credit Suisse are also asserted against *all 14 other defendant groups*. And, Realtime's infringement theories with respect to those claims are essentially the same for all defendant groups, because all of defendants' products, including Credit Suisse's, are compliant with an industry standard called Fix Adapted for Streaming (or "FAST"). Notably, the district court entered Final Judgment of non-infringement to Credit Suisse based on the same four claim limitations for which it also entered Final Judgment of non-infringement to *all 14 other defendant groups*. (*See, e.g.*, Final Judgment Pursuant to Fed. R. Civ. P. 54(b) at 3, *Realtime v. Morgan Stanley*, No. 11-cv-6696 (Nov. 9. 2012), ECF No. 584.)

As Credit Suisse concedes in its opposition, in granting one of its non-infringement summary judgment motions, the district court stated that "Credit Suisse's motion was based on the '*same major points*' as the other defendants." (Opp. at 5 (emphasis added) (quoting *Realtime Data, LLC v. Morgan Stanley*, No. 11-cv-6696, 2012 U.S. Dist. LEXIS 136511, at *73-74 (S.D.N.Y. Sept. 24, 2012) (as amended Nov. 15, 2012)).) In fact, that motion was also joined by all but three other defendant groups. *See Realtime*, 2012 U.S. Dist. LEXIS 136511, at *74 n.17.[2] The district court's statement that Credit Suisse's motion provided a

---

[2] Credit Suisse's other non-infringement summary judgment motion was granted on the same ground that other motions for summary judgment of non-infringement (filed or joined by all other defendant groups) were also granted. (*See* Supplemental Order at 3-4, *Realtime v. Morgan Stanley*, No. 11-cv-6696 (Nov. 9.

3

description of one aspect of the accused infringing products — that is common to all defendants — but was "clear(er)" than the other defendants' description in their motion papers, *Realtime*, 2012 U.S. Dist. LEXIS 136511, at *74, is also not a valid reason to deny consolidation. Credit Suisse's "clear(er)" explication of a common non-infringement argument has nothing to do with "inefficiency, inconvenience, or unfair prejudice" in proceeding with a single appeal. *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Thus, the fact that Credit Suisse filed its own non-infringement summary judgment motions does not put it in a unique position as compared to the other defendant groups or make consolidation inappropriate.

Moreover, although Credit Suisse seeks to distinguish itself from the Exchange Defendants because those defendants are accused of infringing encoding/compression claims that are not asserted against Credit Suisse, one of the other Bank Defendants (Morgan Stanley) is also accused of infringing the encoding/compression claims. Thus, isolating the Bank Defendants from the Exchange Defendants would not, as Credit Suisse suggests, result in only the "the issues that are of greatest importance to Credit Suisse" being raised in the Bank Defendant appeals. (Opp. at 6.) In addition, the district court granted summary judgment of non-infringement based on several elements found in *both* the

---

2012), ECF No. 585.) This Supplemental Order was likewise entered in all nine actions.

encoding/compression claims asserted against the Exchange Defendants and Bank Defendant Morgan Stanley and the decoding/decompression claims asserted against all defendants (including Credit Suisse), and therefore addressed those claims together in its summary judgment opinion. *See, e.g.*, *Realtime*, 2012 U.S. Dist. LEXIS 136511, at *39, 42, 59. Thus, it would be inefficient and inconvenient to address identical claim elements in separate appeals for the Bank Defendants, Exchange Defendants and Market Data Provider Defendants.

Finally, all appeal issues that relate to Credit Suisse and the other Bank Defendants also relate to the Exchange Defendants and the Data Provider Defendants (who, like Credit Suisse, are accused of infringing only decoding/decompression claims, yet do not oppose consolidation). Accordingly, consolidating the nine appeals would ensure that the issues common to *all 15 defendant groups*, as well as other issues that are common to various defendants across the nine appeals, are addressed efficiently and consistently in a single appeal.

For the foregoing reasons, Realtime respectfully requests that this Court GRANT its motion to Consolidate all nine actions — *i.e.*, the three Exchange Defendant actions (Nos. 2013-1093, 2013-1097, 2013-1100), the three Bank Defendant actions (Nos. 2013-1092, 2013-1099, 2013-1103) and the three Data

5

Provider Defendant actions (Nos. 2013-1095, 2013-1098, 2013-1101) — into a single appeal.

Dated:  December 27, 2012                    Respectfully submitted,

By: */s/ Dirk D. Thomas*
    Dirk D. Thomas
    dthomas@mckoolsmith.com
    MCKOOL SMITH P.C.
    1700 K Street, NW, Suite 740
    Washington DC 20006
    (202) 370-8302

    Robert A. Cote
    Brett E. Cooper
    Daniel J. Melman
    Laura A. Handley
    Lauren L. Fornarotto
    MCKOOL SMITH P.C.
    One Bryant Park, 47th Floor
    New York, New York 10036
    (212) 402-9400

    Joel L. Thollander
    MCKOOL SMITH P.C.
    300 W. 6th Street, Suite 1700
    Austin, TX 78701
    (512) 692-8735

*Attorneys for Plaintiff-Appellant Realtime Data, LLC (doing business as IXO)*

# CERTIFICATE OF SERVICE

I, Dominick Vitaliano, hereby certify that on the 27th day of December 2012, I caused one copy of the documents listed below:

**PLAINTIFF-APPELLANT REALTIME DATA, LLC's (doing business as IXO) REPLY IN SUPPORT OF PLAINTIFF-APPELLANT REALTIME DATA, LLC's (doing business as IXO) MOTION FOR CONSOLIDATION**

to be filed by CM/ECF with:

Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439
Tel: (202) 275-8000
Fax: (202) 275-9678

and one copy to be sent by electronic mail to each of the following:

**Morgan Stanley, The Goldman Sachs Group, Inc, J.P. Morgan Chase & Co., Morgan Stanley & Co., Inc., Goldman Sachs & Co., Goldman Sachs Execution & Clearing, LP, J.P. Morgan Securities, Inc., and J. P. Morgan Clearing Corp. (formerly known as Bear, Stearns Securities, Corp.):**

**Daniel Alexander Devito**
Skadden, Arps, Slate, Meagher & Flom
LLP (DC)
Four Times Square
New York, NY 10036
212-735-3210
Fax: 917-777-3210
Email: daniel.devito@skadden.com

**Credit Suisse Holdings (USA), Inc. and Credit Suisse Securities (USA) LLC:**

**Gregory Hayes Lantier**
Wilmer Cutler Pickering Hale & Dorr L.L.P. (DC)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

**HSBC Bank USA, N.A. and HSBC Securities (USA) Inc.:**

**Michael Scott Fuller**
Locke Lord Bissell & Liddell LLP - Dallas
2200 Ross Ave
Suite 2200
Dallas, TX 75201-6776
214-740-8601
Fax: 214-756-8601
Email: sfuller@lockelord.com

I declare that I am employed by McKool Smith P.C. at whose direction the service was made. Executed on December 27, 2012, at New York, NY.

*/s/ Dominick Vitaliano*
Dominick Vitaliano
Senior Paralegal
McKool Smith, P.C.
One Bryant Park, 47th floor
New York, New York 10036
212.402.9439 (t)
212.402.9444 (f)
dvitaliano@mckoolsmith.com